IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN CAPE, | § | |
| | § | |
| *Plaintiff,* | § | SA-23-CV-00995-OLG |
| | § | |
| vs. | § | |
| | § | |
| BEXAR COUNTY, JAVIER SALAZAR, | § | |
| FERMAN GUZMAN, ALEXANDER | § | |
| URIEGAS, INFORMANT ISSAC | § | |
| GARZA, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia**

This Report and Recommendation concerns Bexar County Defendants' Motion to Dismiss Plaintiff's Original Complaint [#8]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#14]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendants' motion be granted.

**I.  Background**

This civil-rights action arises out of the use of a confidential informant by the Bexar County Sheriff's Department. Plaintiff John Cape alleges that he was one of multiple individuals who were wrongly arrested, charged, and convicted of drug offenses due to false evidence provided by confidential informant Isaac Garza. According to Cape's Original Complaint, Garza planted 2.2 pounds of methamphetamine in a home located at 1315 West Hermosa in San

1

Antonio, Texas, then made false statements to law enforcement, which led to the search of the residence and Cape's arrest in August 2017.  Cape was ultimately convicted and sentenced to 10 years' imprisonment on drug charges but released two years later when it was discovered that Garza had been planting evidence in several other drug cases.  Cape alleges his conviction was eventually overturned in July 2021.

Cape brings this suit pursuant to 42 U.S.C. § 1983 against Bexar County, its Sheriff (Javier Salazar), two Bexar County deputies (Alex Uriegas and Fermin Garza), and the confidential informant (Isaac Garza), alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution.  Cape's Complaint asserts claims of false arrest and failure to train, as well as generally alleges the municipal liability of Bexar County for the alleged constitutional violations.  Although Cape's Complaint does not formally plead a claim of malicious prosecution against Defendants, his allegations against Bexar County regarding its municipal liability repeatedly reference his wrongful or malicious prosecution.  (Compl. [#1], at ¶¶ 29–36.)  Cape seeks compensatory and exemplary damages against Bexar County and the individual Bexar County Defendants in their official and individual capacities, and against Garza individually.

The Bexar County Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is ripe for the Court's review.  Garza has not been served.

## II.  Legal Standard

Defendants' motion seeks dismissal of Cape's Complaint for failure to state a claim under Rule 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief.  *See Twombly*, 550 U.S. at 570.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted).  However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim.  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

### III. Analysis

Defendants ask the Court to dismiss all of Cape's claims for insufficiency of his pleadings and on statute of limitations grounds.  Because Cape's Section 1983 claims were filed after the expiration of the governing statute of limitations, Defendants' motion to dismiss should be granted.   The Court therefore need not reach, and the undersigned has not reached, the merits of Defendants' other arguments in favor of dismissal.

All of the claims asserted in Cape's Complaint are brought pursuant to 42 U.S.C. § 1983. Claims brought under 42 U.S.C. § 1983 in Texas federal court are subject to a two-year limitations period.  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (statute of

limitations for § 1983 cases is based on the general statute of limitations governing personal injuries in the forum state, which in Texas is two years).  Cape's primary allegation in his Complaint is that Defendants violated the Fourth Amendment by effectuating his arrest without probable cause.  The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).  Cape does not allege the date on which he became detained pursuant to criminal proceedings following his arrest, but he alleges his arrest occurred on August 10, 2017.  (Compl. [#1], at ¶ 5.)  Cape did not file his Complaint containing his false arrest claim until August 11, 2023, over six years after his arrest.  Even without allegations of the exact date of his detention, it is clear from the pleadings that Cape's false arrest claim is time-barred.

Cape's failure to train or supervise claim alleges that Bexar County failed to train its employees in the proper use of confidential informants in procuring search warrants and also focuses on his alleged false arrest.  (*Id.* at 38.)  This claim is also time-barred for the same reasons the false arrest claim is untimely.

Cape's Complaint could also be construed, however, as attempting to plead a claim of malicious prosecution, a claim which is also premised on the lack of probable cause in an arrest and prosecution.  A claim of malicious prosecution is also subject to a two-year statute of limitations in Texas but does not accrue until the prosecution ends in the plaintiff's favor. *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (internal quotation marks and citation omitted); *see also Thompson v. Clark*, 596 U.S. 36, 49 (2022) (referencing requirement of favorable termination of criminal proceedings for purpose of malicious prosecution claim).  Cape

alleges in his Complaint that his criminal case was dismissed on November 9, 2020, and his conviction was overturned by the Texas Court of Criminal Appeals in July 2021.  (Compl. [#1], at ¶¶ 19–20.)  He did not file this suit until August 11, 2023, making this claim time barred as well.

Cape argues generally in his response to Defendants' motion that the limitations period for all his claims should be tolled from his time of arrest to the time his criminal action was dismissed.  Again, Cape pleads that the criminal action was dismissed on November 9, 2020, and his conviction was overturned in July 2021.  Even if the Court were to adopt Cape's tolling argument, his claims would still fall outside of the two-year limitations period.  The Fifth Circuit has expressly rejected the assertion that a false arrest claim accrues when a criminal prosecution terminates in favor of the accused.  *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).  Moreover, a false arrest claim is not tolled by a related criminal case; rather a plaintiff must file a false arrest claim within two-years of the arrest, and the district court is then required to stay the suit until a related criminal case has ended.  *Wallace*, 549 U.S. at 393–94 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

Cape requests the opportunity to amend his pleadings in his Complaint.  However, any amendment would be futile as to his false arrest and failure to train claims.  The undersigned notes, however, that the other two individuals arrested as a result of the search of at issue also have suits pending before this Court.  *See Salazar, as representative of the Estate of Linan-Juarez v. Bexar County, et al.*, 5:22-cv-01223-OLG-ESC; *Garcia v. Bexar County, et al.*, 5:23-cv-00996-OLG-ESC.  Garcia's pleading contains more detailed allegations about the arrest and convictions of the three co-defendants and the dates associated with his release from prison and the overturning of his conviction.  Garcia alleges that he was released from prison on September

5

10, 2020; that the Texas Court of Criminal Appeals granted a writ of habeas corpus on June 30, 2021; and that he was notified of the official dismissal of his criminal case on August 12, 2021. A "limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988) (internal quotation marks omitted). Garcia alleges in his Complaint that his claims were timely filed on August 11, 2023, within two years of receiving notice of the dismissal of his criminal case. Cape's Complaint does not contain similar allegations.

Linan-Juarez's pleading does not contain these allegations either, but the Bexar County Defendants in that case attached the decision of the Texas Criminal Court of Appeals dated June 30, 2021, setting aside the criminal conviction of Cape to their motion to dismiss in Linan-Juarez's case.[1] This order is also available on Westlaw. *See Ex Parte Cape*, No. WR-50,538-01, 2021 WL 2677546 (June 30, 2021). Salazar filed suit on behalf of Linan-Juarez's estate on November 8, 2022, within two years of the Court of Appeals' decision.

If Cape was also notified of the dismissal of his criminal case on August 12, 2021 (or after), the date Garcia claims he himself was notified, Cape might have a malicious prosecution claim that is not time-barred or there might at least be a fact issue on that question. The undersigned will therefore allow Cape to file a More Definite Statement regarding his malicious

---

[1] This decision afforded habeas relief to Cape on his claim that his plea agreement was involuntary. *Ex Parte Cape*, 2021 WL 2677546, at *2. The Court of Criminal Appeals reasoned that had Cape known that the information provided by the confidential informant was unreliable, it is likely he would have challenged the validity of the search, and his charges would have been dismissed. *Id.* However, the court remanded Cape to the custody of Bexar County to answer the charges related to smaller quantities of drugs and paraphernalia that were also found around the house and in one co-defendant's purse in addition to the large quantity of methamphetamine planted by the informant. *Id.* at *1–2. It is unclear how these facts might affect the limitations issue as to Cape and his co-defendants.

prosecution claim within seven days that makes clear his position on the accrual date of this claim and asserts any additional facts regarding the overturning of his conviction and dismissal of his criminal case that might be material to the Court's evaluation of Defendants' limitations argument.  If Cape files the ordered More Definite Statement, the undersigned will supplement the report and recommendation on the limitations issue as to the malicious prosecution claim.  If Cape does not file the ordered More Definite Statement, the undersigned's recommendation for dismissal of Cape's Section 1983 claims on limitations grounds applies to the malicious prosecution claim as well.

The undersigned notes that, even if Cape is able to plead facts that would show that his malicious prosecution claim is not time barred, Defendants have also argued that he has not pleaded adequate facts to state a claim of malicious prosecution.  In his More Definite Statement, Cape may also add details to supplement the factual basis for his malicious prosecution claim.  If the undersigned determines that Cape has alleged sufficient facts to survive the challenge on statute-of-limitations grounds, the undersigned will then determine whether he has pleaded sufficient facts to state a malicious prosecution claim.

Finally, Cape's Complaint summarily references several additional constitutional provisions in his Complaint: the right to be free from unreasonable searches and seizures; the right to procedural and substantive due process and equal protection; the right to be protected from self-incrimination and double jeopardy; the right to be free from cruel and unusual punishment; and the right to a speedy trial.  (*Id.* at ¶ 37.)  Cape, of course, enjoys these constitutional rights.  But Cape does not include any factual allegations that would support a claim that these constitutional rights were violated by Defendants or address these claims in his response to Defendants' motion to dismiss as to limitations or otherwise.  As Cape has not

asserted the factual basis of these claims or why the two-year limitations period should be tolled as to these claims (or subject to a separate accrual date), the District Court should also dismiss these claims as time barred.

### IV.  Conclusion and Recommendation

Having considered Defendants' motion, the response and reply thereto [#11, #13], the pleadings, and the governing law, the undersigned **recommends** that Bexar County Defendants' Motion to Dismiss Plaintiff's Original Complaint [#8] be **granted** and Cape's suit dismissed as time-barred.

However, Cape may file a More Definite Statement as to his malicious prosecution claim **only** on or before **August 14, 2024**, to supplement his pleadings as to any facts material to Defendants' limitations argument and the accrual date of this claim.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the

8

proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 7th day of August, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

9